UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

Case No. 16-cv-62335-BB

AEGIS OIL, LLC, and
PATRICK REAGAN BEASON

Defendants.

## FINAL JUDGMENT AS TO DEFENDANT PATRICK REAGAN BEASON

**THIS CAUSE** is before the Court  upon the Plaintiff  Securities and Exchange

Commission's Notice of Filing Consents and Request for Entry of Final Judgments, ECF No.

[4]. Being duly advised, the Court finds as follows:

The Motion for Entry of Final Judgment, ECF No. [4], is **GRANTED**.  Plaintiff

Securities and Exchange Commission having filed a Complaint and Defendant Patrick Reagan

Beason having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction and

except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions

of law; and waived any right to appeal from this Final Judgment:

I.

## SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED THAT:**

1.      Defendant is permanently restrained and enjoined from violating Section 5 of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the

absence of any applicable exemption:

   (a)    Unless a registration statement is in effect as to a security, making use of any

          means or instruments of transportation or communication in interstate commerce

          or of the mails to sell such security through the use or medium of any prospectus

          or otherwise;

   (b)    Unless a registration statement is in effect as to a security, carrying or causing to

          be carried through the mails or in interstate commerce, by any means or

          instruments of transportation, any such security for the purpose of sale or for

          delivery after sale; or

   (c)    Making use of any means or instruments of transportation or communication in

          interstate commerce or of the mails to offer to sell or offer to buy through the use

          or medium of any prospectus or otherwise any security, unless a registration

          statement has been filed with the Commission as to such security, or while the

          registration statement is the subject of a refusal order or stop order or (prior to the

          effective date of the registration statement) any public proceeding or examination

          under Section 8 of the Securities Act [15 U.S.C. § 77h].

   2.      As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph

also binds the following who receive actual notice of this Final Judgment by personal service or

otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other

persons in active concert or participation with Defendant or with anyone described in (a).

II.

## SECTION 17(a) OF THE SECURITIES ACT

3.      Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate

commerce or by use of the mails:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)      to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

4.      As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph

also binds the following who receive actual notice of this Final Judgment by personal service or

otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other

persons in active concert or participation with Defendant or with anyone described in (a).

III.

## SECTION 10(b) AND RULE 10b-5 OF THE SECURITIES EXCHANGE ACT OF 1934

5.      Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any

national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

      6.      As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph

also binds the following who receive actual notice of this Final Judgment by personal service or

otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other

persons in active concert or participation with Defendant or with anyone described in (a).

IV.

<b><u>SECTION 15(a)(1) OF THE EXCHANGE ACT</u></b>

      7.      Defendant is permanently restrained and enjoined from violating, directly or

indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any

means or instrumentality of interstate commerce or of the mails and engaging in the business of

effecting transactions in securities for the accounts of others, or inducing or effecting the

purchase and sale of securities, while not registered with the Commission in accordance with the

provisions of Section 15(b) of the Securities Act, or while not associated with a broker-dealer

that was so registered.

V.

4

### DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

8.      Defendant is liable for disgorgement of $1,891,129, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $313,840, and a civil penalty in the amount of $160,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this obligation by paying $2,364,969 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and Patrick Reagan Beason as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

**INCORPORATION OF CONSENT**

9.      The Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

**BANKRUPTCY NONDISCHARGEABILITY**

10.      Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

**RETENTION OF JURISDICTION**

11.     This Court shall retain jurisdiction of this matter for the purposes of enforcing the

terms of this Final Judgment.

12.     The Clerk shall **CLOSE** the case.


DONE AND ORDERED in Miami, Florida this 5th day of October, 2016.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE